BYRON D. VERRILL, administrator *de bonis non*, with the will annexed, of Isabella W. Bishop, in equity, *vs.*
L. EUGENE WEYMOUTH, administrator, *et als.*

Cumberland.   Decided June 21, 1878.

*Will.*

The will says: "I place in the hands of M bank shares to hold in trust until my son arrives at the age of thirty-five years, when my son comes in full possession of said bank stock." *Held*, that the shares vested in the son on the death of the testatrix to be held in trust for his benefit till he should arrive at the age named.

The will gives M two dollars per week for life and makes B residuary legatee, and says: "Should B die without issue, all my property is to be equally divided between my mother, brothers and sister." B died leaving a wife and only son, who also died before any distribution of the estate. *Held*, that the personal property in the hands of the administrator vested in B on the death of the testatrix, charged with the annuity to M.

The will says: "I give my house to A during her life; after her decease to B during his life; and after his decease to his children, if any he have; otherwise, to my legal representatives." B died leaving a wife and an infant son, who died before any settlement of the estate. *Held*, that the infant son took a vested remainder in fee simple, in the house, and on his death it descended to his mother.

BILL IN EQUITY, asking the construction of a will.

*B. D. Verrill, pro se,* as administrator *de bonis non.*

*F. M. Ray,* for L. E. Weymouth, administrator, and Fannie C. Bishop.

*J. H. Drummond & J. O. Winship,* for the heirs at law.

LIBBEY, J.   This is a bill in equity brought to determine the construction of the will of Isabella W. Bishop. The clauses of

the will which are involved, are as follows : " First, I give and bequeath to my dear beloved mother, Sarah Johnson, fifty dollars, and two dollars per week to her during the remainder of her natural life. Second. . . The brig George Amos, . . it is my will to have said vessel sold, and the money received from said brig put into bank shares, or laid in bank, for my son, De Clare Bishop, said De Clare to use and receive the income only until said De Clare Bishop is twenty-five years old.

" And, lastly, I give and bequeath all the rest of my residue and remainder of my personal property, real estate, goods, bonds, bank shares, vessel property, all not before mentioned above, what kind and nature soever, to my son, De Clare Bishop, . . all the household furniture, all houses, to have and to hold. . . Should said De Clare Bishop die without issue, all of my property is to be equally divided between my mother, brothers and sister. I appoint L. Eugene Weymouth executor of this will. I also appoint said L. Eugene guardian of my son, De Clare Bishop, during his minority. I also place in the hands of said L. Eugene Weymouth the bank shares which I have in the First National Bank of Portland, to hold in trust until said De Clare Bishop arrives at the age of twenty five years, when said De Clare Bishop comes in full possession of said bank stock and all other property left by me." The codicil thereto contains the following provisions : "Whereas by my will I gave to my son, De Clare Bishop, certain shares of the First National Bank, Portland, in trust to be delivered to my said son when he should attain the age of twenty-five years, now I hereby revoke the same so far as the time only is concerned, and instead of my said son having full possession and control of said bank stock at the age of twenty-five years, for good and sufficient reasons I now direct that the said bank stock shall be held in trust as aforesaid till my said son shall attain the age of thirty-five years. And my dwelling house, No. 27 Myrtle street, in said Portland, and now occupied by me, with the lot of land therewith connected, I give and bequeath to my sister, Annie B. Weymouth, during her natural life ; after her decease to my son, De Clare Bishop, during his lifetime, and after his decease to his children, if any he have ; otherwise, to go to my legal representatives."

The testatrix died in March, 1872, leaving her son, De Clare Bishop, her only heir at law. He died August 2, 1876, after arriving at the age of twenty-one, but before arriving at the age of twenty-five years, leaving a widow, Fannie C. Bishop, and one son, Harry Bell Bishop. He died October 16, 1876, leaving his mother, Fannie C. Bishop, his only heir. At the death of De Clare Bishop his son, Harry Bell, was the only heir at law of the testatrix.

At the time of the death of the testatrix, and at the time of the execution of her will, she owned fourteen shares in the First National Bank of Portland, which passed into the hands of the trustee named in the will.

Three questions are propounded to the court : 1. " As to the disposition of the trust fund in the hands of said trustee ; to wit, said bank shares." 2. " As to the disposition of the residue in the hand of your orator as administrator *de bonis non,* with the will annexed, after the decease of the said Sarah Johnson." 3. " The disposition by said will of the reversion of the house, No. 27 Myrtle street, in said Portland."

Under the first question propounded the point to be determined is whether the legacy of the bank stock to De Clare Bishop was vested or contingent. The rule applicable to the question has been stated in many elementary books and decided cases. In 3 Wooddeson, 512, the rule is stated as follows : " If the time of payment merely be postponed, and it appears to be the intention of the testator that his bounty should immediately attach, the legacy is of the vested kind ; but if the time be annexed to the substance of the gift, as a condition precedent, it is contingent and not transmissible." In 2 Black. Com. 513, it is stated as follows : " If a contingent legacy be left to any one, as when he attains, or, if he attains the age of twenty-one, and he dies before that time, it is a lapsed legacy. But a legacy to one, to be paid when he attains the age of twenty-one years, is a vested legacy, an interest which commences *in praesenti,* although it be *solvendum in futuro.*" *Snow* v. *Snow,* 49 Maine, 159. *Furness* v. *Fox,* 1 Cush. 134.

Was it the intention of the testatrix as expressed in her will

and codicil that the legacy of the bank stock should vest in her son at once on her death, to be held in trust for him by the trustee named till he should attain the age of thirty-five years, when he was to come into full possession of it; or was it her intention that the legacy should vest in him upon the contingency of his attaining the age of thirty-five years? The intention of the testatrix as expressed in her will and codicil must be carried out, unless in conflict with some established rule of law. In ascertaining her intention every clause in her will and codicil bearing upon the question must be considered and have its due weight. By the provisions of the will it appears to have been the intention of the testatrix to dispose of her whole estate. Her son appears to have been the special object of her bounty. After making several specific legacies, she devised all the residue and remainder of her estate, both personal and real, specially naming her bank stock, to him. This clause is followed by the provision that the bank stock should be held in trust by the trustee named till her son should attain the age of thirty-five years, when he should come into the full possession of it. It was to go to her mother, brothers and sister as a part of her estate, only upon the contingency of her son dying without issue. There is no provision in the will disposing of it in case her son should die leaving issue, before arriving at the age named. In her codicil she recites that " whereas by my will I gave to my son, De Clare Bishop, certain shares of the First National Bank, Portland, in trust to be delivered to my said son when he should attain the age of twenty-five years." Here we have the clear declaration of the testatrix of her intention, that she gave it to her son in trust, to be delivered to him on his attaining the age named. The time was not annexed to the legacy itself, but to the payment of it only. From these considerations, we think it clear that the legacy of the bank stock in question, held in trust by L. Eugene Weymouth, vested in De Clare Bishop on the death of the testatrix, and on his death was a part of his estate.

But practically the same result follows if the construction claimed by the collateral kindred should be adopted. If the legacy lapsed on the death of De Clare Bishop before he arrived

at the age of thirty-five years, it would not go to the mother, brothers and sister of the testatrix, as De Clare died leaving issue, and his son, Harry Bell Bishop, was then the only heir at law of the testatrix, as well as of his father.

As to the second question propounded, we think it clear that the remainder of the personal estate now in the hands of the administrator, vested in De Clare Bishop on the death of the testatrix, charged with the payment of the annuity to Sarah Johnson. This is admitted by the learned counsel for the respondents.

The question raised in the third interrogatory is determined by *Leighton* v. *Leighton*, 58 Maine, 63. On the birth of Harry Bell Bishop he took a vested remainder in fee simple in the house, No. 27, and on his death it descended to his mother.

The costs of this suit, including. counsel fees on both sides, are to be paid out of the assets in the hands of the administrator, as the suit was brought by the administrator for his guidance in the settlement of the estate. If not amicably adjusted they may be determined by a judge at *nisi prius* or in chambers.

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.